IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

SUSAN SUMMER DURHAM,
as Widow and Administratrix of the
Estate of Christopher Durham and on
behalf of the Wrongful Death Beneficiaries
of CHRISTOPHER DURHAM, deceased,
    Plaintiff,

v.                                                         No. 16-1042

ESTATE OF GUS LOSLEBEN,
DECEASED, by and through the Estate's
Administrator, Lloyd Tatum, Esq.; HARDIN
COUNTY FIRE DEPARTMENT; HARDIN
COUNTY, TENNESSEE; and JOHN DOES 1-10
    Defendants.

_____

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO REMAND
_____

        Defendants, Estate of Gus Losleben, deceased, Hardin County Fire Department ("Fire Department"), Hardin County, Tennessee ("Hardin County"), and John Does 1-10, timely removed this action to federal court from the state circuit court in which it was filed. (Docket Entry ("D.E.") 1.) Thereafter, Plaintiff, Susan Summer Durham, filed a motion to remand this matter to state court. (D.E. 8.) The motion has been fully briefed and is ripe for disposition.

I. FACTS

        Plaintiff filed the instant lawsuit in the Hardin County Circuit Court on December 30, 2015. (D.E. 1-2 at PageID 6.) According to the complaint, Christopher Durham ("decedent") was traveling northbound in a log truck in Hardin County, Tennessee on December 9, 2014. (*Id.*

at PageID 7.) Gus Losleben, a Fire Department employee, was driving a fire truck southbound on the same road. (*Id.*) Losleben crossed into the decedent's lane, colliding head-on with his truck, and both men were killed. (*Id.*) In her complaint, Durham alleges that at the time of the collision, Losleben was not responding to any "fire service emergency," he was driving the truck at an excessive rate of speed, he was aware that the call he was responding to did not require him to drive at a high speed, and he crossed into the decedent's lane. (*Id.* at PageID 8.) According to Plaintiff, "[the decedent] was killed as a result of said negligence, willful, wanton, reckless and/or deliberately indifferent acts or omissions on the part of Losleben." (*Id.*) Specifically, she advances claims of negligence and negligence per se against Losleben and his employers, the Fire Department and Hardin County, arguing that they are liable for damages pursuant to the Tennessee Governmental Tort Liability Act ("TGTLA"), codified at Tennessee Code Annotated sections 29-20-101, et seq. (*Id.* at PageID 9-10.) She brings further claims against Defendants pursuant to 28 U.S.C. § 1983, asserting that they violated the decedent's rights to be free from bodily harm, injury, or death "under the United States Constitution and the Fourteenth Amendment thereto." (*Id.* at PageID 10-11.)

On March 3, 2016, Defendants filed a timely notice of removal, which stated in pertinent part that

> Plaintiff asserts claims under 42 U.S.C. § 1983 alleging that the deceased was denied and deprived of his Constitutional rights as secured by the Fourteenth Amendment to the United States Constitution. Plaintiff also alleges state law torts against these Defendants.
>
> The above-referenced action is one in which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one that can be removed to this Court pursuant to 28 U.S.C. § 1441(b), in that this Court has original jurisdiction over Plaintiff's Constitutional claims. This Court can further exercise it[s] pendent jurisdiction to

2

entertain the Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367.

(D.E. 1 at PageID 57.) Thereafter, Durham filed a motion to remand, arguing that Defendants had incorrectly cited 28 U.S.C. § 1441(b), relating to diversity of citizenship, as a basis for removal and that the parties were not in fact diverse. (D.E. 8 at PageID 36-37.) Plaintiff asserted that this error was fatal to the notice of removal and necessitated remand. (*Id.* at PageID 45.) Additionally, she argued that, even if the notice of removal was not fatally flawed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's TGTLA claims and should remand them to state court. (*Id.* at PageID 46.) Alternatively, she contended that the entire case—including the federal claims—should be remanded to state court pursuant to 28 U.S.C. § 1441(c). (*Id.* at PageID 48.)

II. ANALYSIS

A. Notice of Removal

Title 28 U.S.C. § 1441(a) permits a defendant to remove a civil action from state court to federal court if the plaintiff could have originally brought the matter in the federal district court. *A Forever Recovery, Inc. v. Twp. of Pennfield*, 606 F. App'x 279, 280 (6th Cir. 2015). "It is a federal court's unflagging duty to verify that it has jurisdiction over the case before it, lest it pronounce its opinion in contravention of Article III or the bounds imposed by Congress." *Naji v. Lincoln*, ___ F. App'x ___, 2016 WL 6636762, at *2 (6th Cir. Nov. 9, 2016); *see also United States v. Ruiz*, 536 U.S. 622, 628 (2002) (stating that "a federal court always has jurisdiction to determine its own jurisdiction"). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."). The removal statutes "are strictly construed against removal, such that doubt should be resolved in favor of remand." *Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816 (6th Cir. 2004). The party seeking removal has the burden of proving that the district court has jurisdiction. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2009).

Both parties acknowledge that Defendants cited 28 U.S.C. § 1441(b) in their notice of removal, which confers jurisdiction in the federal courts where there is complete diversity of citizenship among the parties. They further agree that diversity does not exist in the present action. Durham contends that the citation to the incorrect statute is fatal to the notice of removal and that the case must be remanded. Defendants respond that, although the wrong statute was cited, their notice specifically invoked this Court's original jurisdiction based on federal question and referred to its supplemental jurisdiction over the related state law claims, and thus, the notice of removal is adequate.

While it is true that the "statutes conferring removal jurisdiction are to be construed strictly," *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999), that rule does not compel remand in the instant case. Strictly construing the statutes that govern the jurisdictional limits of the federal courts with respect to removal is not the same as strictly construing the statute that lists the requirements for the contents of the notice of removal. Twenty-eight U.S.C. § 1446 requires that a notice of removal contain "a short and plain statement of the grounds for removal. . . ." As the United States Supreme Court has explained, "[b]y design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, 135

S. Ct. 547, 553 (2014) (citing 14C C. Wright Miller, E. Cooper & J. Steinman, *Federal Practice and Procedure* § 3733 (4th ed. 2009)). Accordingly,

> the same liberal rules employed in testing the sufficiency of a pleading should apply to appraise the sufficiency of a defendant's notice of removal. This liberality of application seems particularly sensible since, in most instances, the district court easily can ascertain whether a particular state court case is removable under the governing removal and original subject-matter jurisdiction statutes.

Wright et al., *supra*, § 3733. There is no requirement that the removing party cite to the statute that supports its basis for removal. *See* 28 U.S.C. § 1446. In *D.H. ex rel. Harris v. Matti*, a district court rejected an argument similar to Durham's that was proffered in a motion to remand. No. 3:14-cv-732-DJH, 2015 WL 3581125, at *1-2 (W.D. Ky. June 5, 2015). In that case, the defendants cited to an outdated version of the federal removal statute. *Id.* at *1. Nevertheless, the court concluded that the removal notice clearly invoked federal question and supplemental jurisdiction, finding that "the whole of the removal notice is substantively sufficient: It provides a 'short and plain statement of the grounds for removal' as required by 28 U.S.C. § 1446(a).'" *Id.* at *2; *cf. R.S. Scott Assoc., Inc. v. Timm Constr. Co. LLC*, No. 14-cv-13338, 2014 WL 7184448, at *3 (E.D. Mich. Dec. 16, 2014) (denying a motion to dismiss complaint where plaintiff's jurisdictional statement "erroneously pleaded diversity of citizenship jurisdiction, [but] . . . also correctly pleaded [federal question] jurisdiction").

Likewise, in the present case, there is no question that this Court has jurisdiction over Plaintiff's claims. Durham's statement that Defendants did not provide "any other basis" for removal in their notice is simply untrue. (D.E. 8-1 at PageID 42.) From a review of the notice of removal, it is apparent that Defendants invoked the Court's federal question jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction

5

over her state law claims pursuant to 28 U.S.C. § 1367. This comports with section 1446(a)'s requirement that the removing party state "a short and plain statement of the grounds of removal," and Defendants' citation to the incorrect statute, in light of their otherwise sufficient invocation of this Court's jurisdiction, is not a fatal defect in the notice.

Durham dedicates a substantial portion of her motion and reply to a discussion of 28 U.S.C. § 1441(c). She argues that, even if the Court concludes the notice of removal was proper, the entire case, including the section 1983 claims, should be remanded to state court. However, her reliance on section 1441(c) is misplaced. That subsection governs federal court jurisdiction where a civil action includes a claim within the court's original jurisdiction joined with "a claim not within the original *or supplemental* jurisdiction of the district court." 28 U.S.C. § 1441(c) (emphasis added). In the present case, Plaintiff's action includes claims arising under the court's federal question jurisdiction (the section 1983 claims) and ones over which this court has supplemental jurisdiction (the TGTLA claims), because the latter claims arise from the same set of facts as the federal claims, thus making them a part of the same "case or controversy" under 28 U.S.C. § 1367(a). *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (explaining that state and federal claims are part of the same case or controversy when they "derive from a common nucleus of operative fact"). Consequently, Durham's reliance on section 1441(c) is inapt.

In sum, Defendants have met their burden of establishing this court's subject matter jurisdiction, and Plaintiff's motion to remand the entire cause based on a defective notice of removal is DENIED.

B. State Law Claims

Durham's complaint includes claims of negligence and negligence per se against Defendants. State law claims against governmental entities and their employees in their official capacities are governed by the TGTLA. *See* Tenn. Code Ann. § 29-20-101; *Tillman v. Decatur Cnty.*, No. 15-01068 JDB-egb, 2015 WL 5675843, at *5 (W.D. Tenn. Sept. 25, 2015). These claims would ordinarily confer supplemental jurisdiction on this Court because they arise out of the same facts and form part of the same case or controversy. *See* 28 U.S.C. § 1367(a); *Gibbs*, 383 U.S. at 725. However, TGTLA claims must be brought in "strict compliance" with the terms of the state statute. *See* Tenn. Code Ann. § 29-20-201(c). The TGTLA expressly states that Tennessee "circuit courts shall have exclusive original jurisdiction" over claims brought pursuant to its provisions. Tenn. Code Ann. § 29-20-307.

A district court may, in its discretion, decline supplemental jurisdiction over a state law claim even if jurisdiction would otherwise be proper under section 1367(a). 28 U.S.C. § 1367(c). Section 1367(c)(4) allows a district court to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). The Sixth Circuit has held that "the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance [under § 1367(c)(4)] for declining jurisdiction." *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). Consequently, district courts in Tennessee have regularly declined to exercise supplemental jurisdiction over TGTLA claims, and this Court finds no compelling reason to act differently in this case. *See,*

7

*e.g.*, *Tillman*, 2015 WL 5675843, at *5; *Hill v. Blount Cnty. Sch.*, No. 3:14-CV-96-PLR-HBG, 2015 WL 729547, at *6 (E.D. Tenn. Feb. 19, 2015); *Woodward v. City of Gallatin, Tenn.*, No. 3:10-1060, 2013 WL 6092224, at *9-10 (M.D. Tenn. Nov. 19, 2013).[1] Accordingly, Plaintiff's motion to remand her state law claims governed by the TGTLA is GRANTED.

## III. CONCLUSION

In light of the foregoing and the record as a whole, the motion to remand is GRANTED in part and DENIED in part. The motion to remand the claims arising under 28 U.S.C. § 1983 is DENIED, but the motion is GRANTED with respect to Plaintiff's state law claims, which are REMANDED to the Circuit Court for Hardin County.

**IT IS SO ORDERED** this 6th day of March 2017.

s/ J. DANIEL BREEN<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] While some courts have recently declined to follow *Gregory*, it remains binding precedent. One such district court characterized the Sixth Circuit's holding as follows: "[T]he TGTLA's preference for state circuit courts *may* serve as an exceptional circumstance permitting a court to decline to exercise its jurisdiction. *Birgs v. City of Memphis*, 686 F. Supp. 2d 776, 778 (W.D. Tenn. 2010). However, the actual language employed in *Gregory* was that the "unequivocal preference of the Tennessee legislature *is* an exceptional circumstance for declining jurisdiction." 220 F.3d at 446. As noted above, the Court sees no reason to depart from this holding in the instant case.